OKLAHOMA COMPULSORY ATTENDANCE STATUTE — PRIVATE SCHOOLS The Oklahoma Compulsory Attendance Statute does not require that a private school be accredited by the State Department of Education or that a private tutor hold an Oklahoma teaching certificate so long as the private instruction is supplied in good faith and is equivalent in fact to that afforded by the State. While a board of education has discretion to classify students as it deems appropriate and require examinations relative thereto, credit for private instruction may not be denied solely because the private instructor did not hold an Oklahoma teaching certificate. A board of education is not required to furnish textbooks or other materials to a child residing in the district not attending a district-operated school. The Attorney General has considered your opinion request wherein you ask the following questions: "1. If a child's parents choose to have the child attend a school other than an accredited public school, must the school which the parent chooses be one that is accredited by the Oklahoma State Department of Education? "2. If a child's parents choose to have the child not attend any school, but to have the child tutored by a parent or other person, must the parent or other person doing the tutoring be the holder of a teacher certificate issued by the Oklahoma State Department of Education? "3. Is the board of education of a school district required to grant credits for instruction which may be applied toward credits for graduation to any child who is not regularly enrolled in the public schools of the district if, A. tutoring is by a person holding a valid Oklahoma teaching certificate, or if B. tutoring is by a person who does not hold a valid Oklahoma teaching certificate? "4. Is the board of education of a school district required to furnish state or school district-purchased textbooks, other books, supplies, materials and/or equipment, to a child who is a resident of the district, but is not enrolled in or attending a district-operated school? Article XIII, Section 4 of the Oklahoma Constitution provides as follows: "The Legislature shall provide for the compulsory attendance at some public or other school, unless other means of education are provided, of all children in the state who are sound in mind and body, between the ages of eight and sixteen years, for at least three months in each year." The Oklahoma Legislature has vitalized the above-quoted constitutional provision. The present statute, 70 O.S. 10-105 [70-10-105] (1971), provides in pertinent part: "It shall be unlawful for a parent, guardian, custodian or other person having control of a child who is over the age of seven (7) years and under the age of eighteen (18) years, and who has not finished four (4) years of high school work, to neglect or refuse to cause or compel such child to attend and comply with the rules of some public, private or other school, unless other means of education are provided for the full term the schools of the district are in session." The Compulsory School Attendance Statute was construed in Wright v. State, Okl., 209 P. 179 (1922): "The statute makes no provisions fixing the qualifications of private teachers, or teachers in private schools or academies, or to prescribe definite courses of study in such cases. Of course, if such schools or instruction were manifestly inadequate or such instruction was furnished for the sole purpose of evading the proper education of a child, the statute could then be properly invoked. Whether such independent facilities for education, outside of the public schools, are supplied in good faith and whether they are equivalent to those afforded by the state, is a question of fact for the jury, and not a question of law for the court." In Pierce v. Society of Sisters of Holy Names of Jesus and Mary, 268 U.S. 510, 45 S.Ct. 571,69 L.Ed. 1070 (1924), the United States Supreme Court held that a state may not limit compulsory school attendance to public schools only: "The fundamental theory of liberty upon which all governments in this Union repose excludes any general power of the state to standardize its children by forcing them to accept instruction from public teachers only. The child is not the mere creature of the state; those who nurture him and direct his destiny have the right, coupled with the high density to recognize and prepare him for additional obligations." The Pierce case recognized, however, "the power of the state reasonably to regulate all schools, to inspect, supervise, and examine them, their teachers and pupils." The statutory provision directing the State Board of Education to make rules and regulations for accrediting schools is limited to "public" schools. Provision is made for accrediting private and parochial schools; however, such provision is permissive only. See 70 O.S. 3-104 [70-3-104] (1971). The tests in Oklahoma for determining whether a private school or home instruction meets the requirements of the Compulsory School Attendance Statute are those provided by the Wright case above; that is, the instruction must be supplied in good faith and equivalent to that afforded by the State. There is no requirement under the statute of formal accreditation of a private school; nor does the statute require that a tutor hold a teacher certificate. As to your third question, regarding the granting of credit in the public school for instruction received from a private tutor, the case of School Board District No. 18, Garvin County, et al. v. Thompson, et al., Okl. 103 P. 578, stated in pertinent part: "The school authorities of the state have the power to classify and grade the scholars in their respective districts and cause them to be taught in such departments as they may deem expedient. They may also prescribe the courses of study and textbooks for the use of the schools, and such reasonable rules and regulations as they may think needful." (Emphasis added) The Thompson ease held that the public school's power to determine courses of study was subject to the superior right of the parent to make a reasonable selection from the prescribed curriculum. In this case, the decision of the parent that the child should not receive singing lessons in the public school was upheld. The Supreme Court of Kansas considered a similar question in Crevhon, et al. v. Board of Education of City of Parsons, 163 P. 145. This ease considered a regulation requiring applicants for admission to the public high school who previously attended parochial or other private schools to pass an examination. While holding that under the facts presented the examination could not be required, the following general rule was recognized: "That children of suitable age are entitled to attend the public schools at the place of their residence is not doubted, but the department to which they are to be assigned is a matter to be determined under appropriate regulations adopted by the governing body." (Emphasis added) In addition to the requirement that local regulations relative to the granting of credit in the public school for private instruction be reasonable, the State Board of Education has, by regulation, provided for the granting of credit to pupils transferring from nonaccredited schools in accordance with the results of comprehensive written examinations. See "Annual Bulletin for Elementary and Secondary Schools", Bulletin No. 113-T, July, 1973, at pp. 33, 49 and 69. Since the Compulsory Attendance Law does not require a child to be taught by a person holding an Oklahoma teaching certificate, and since the regulations of the State Board of Education provide for granting credit to pupils who have attended nonaccredited schools, it would seem that a regulation denying credit solely because the tutor was not certified would not be reasonable. Your fourth question as to whether textbooks, etc. furnished public school pupils must be supplied to a child not attending the public school calls for an examination of Article XIII, Section 6 of the Oklahoma Constitution which requires the Legislature to "provide for a system of textbooks for the common schools of the State, and the State, through appropriate legislation shall furnish such textbooks free of cost for use by all pupils therein." The Legislature has vitalized this constitutional provision by providing for state and local textbook committees. See 70 O.S. 16-101 [70-16-101] (1971), et seq. It is significant that the Legislature has expressly limited the selection of textbooks to "subjects taught in the public schools". See 70 O.S. 16-102 [70-16-102] (1971). No provision is made for providing textbooks or other materials to pupils not enrolled in public schools. A recent ease of the U.S. Supreme Court, Norwood, et al. v. Harrison, et al., 93 S.Ct. 2804 (1973), was faced with the question of whether the failure to provide free textbooks to school children in private schools deprived such children of the equal protection of the laws. The Court stated: "It has never been held that if private schools are not given some share of public funds allocated for education that such schools are isolated into a classification violative of the Equal Protection Clause. It is one thing to say that a state may not prohibit the maintenance of private schools and quite another to say that such schools must, as a matter of equal protection, receive state aid." While it is clear that a board of education is not required to furnish free textbooks and other materials to private school pupils, this opinion does not reach the question involved in Opinion No. 65-302 which held that the furnishing of such materials to private school pupils is unconstitutional, and this opinion should not be construed as overruling or affirming such opinion. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: The Oklahoma Compulsory Attendance Statute does not require that a private school be accredited by the State Department of Education or that a private tutor hold an Oklahoma teaching certificate so long as the private instruction is supplied in good faith and is equivalent in fact to that afforded by the State. While a board of education has discretion to classify students as it deems appropriate and require examinations relative thereto, credit for private instruction may not be denied solely because the private instructor did not hold an Oklahoma teaching certificate. A board of education is not required to furnish textbooks or other materials to a child residing in the district not attending a district-operated school. (Joe C. Lockhart) ** SEE: OPINION NO. 75-303 (1975) **